USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: September 30, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL FARID PUBLISHING AND DISTRIBUTION COMPANY,

Plaintiff,

-v.-

GOVERNMENT OF THE REPUBLIC OF IRAQ, et al.,

Defendants.

25 Civ. 7847 (JHR)

OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

On September 22, 2025, the Government of the Republic of Iraq, the Iraqi Ministry of Finance, and the Iraqi Ministry of Information (together, "Defendants") removed this action from New York State Supreme Court. ECF No. 1. In New York State Supreme Court, Plaintiff had moved for summary judgment in lieu of complaint, C.P.L.R. 3213, seeking recognition of a foreign judgment under the New York Uniform Foreign-Country Money Judgments Recognition Act, C.P.L.R. Art. 53. *Id.* at 2. Pending before the Court are Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6), ECF No. 3-4; Defendants' motion to take judicial notice of certain documents in support of their motion to dismiss, ECF No. 6; and Plaintiff's cross-motion to remand, ECF No. 10. For the reasons set forth below, the Court concludes that Defendants are immune from "the jurisdiction of the courts of the United States" under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, and grants Defendants' motion to dismiss pursuant to Rule 12(b)(1).

## I. BACKGROUND

### A. Factual Background

"Unless otherwise indicated, the following factual allegations are taken from the motion for summary judgment in lieu of complaint [and supporting documents] that [Plaintiff] filed in

New York state court . . . . That motion was supported by" a declaration from counsel and several exhibits. *Hussein v. Maait*, 607 F. Supp. 3d 374, 376-77 (S.D.N.Y. 2022), *aff'd* 129 F.4th 99 (2d Cir. 2025); *see* ECF Nos. 1-2, 1-3, 1-4, 1-5; *see also* ECF No. 4 at 4 n.3 ("Because Defendants' instant Motion to Dismiss concerns only the legal sufficiency of the Plaintiff's jurisdictional allegations, the Court can assume the truth of the facts alleged in Plaintiff's motion for summary judgment in lieu of complaint to be true for the purpose of this motion.").

This dispute arises from a contract between Plaintiff, Al Farid Publishing and Distribution Company, and Defendant, the Iraqi Ministry of Information, "to distribute the Shihan newspaper in Iraq. Compensation was to be paid to Plaintiff at the rate of 75% in Iraqi dinars and 25% in Jordanian dinars." ECF No. 1-2 at 3; ECF 1-3 ¶¶ 2-3 (Klausner Decl.). The parties entered into the contract on October 31, 1991, and it "remained valid until 1995." ECF No. 1-2 at 3; Klausner Decl. ¶ 3. On March 20, 2003, after "Defendants failed to pay" Plaintiff "outstanding amounts owed," Plaintiff sued the Iraqi Ministry of Information in the First Instance Court of Amman, Jordan. ECF No. 1-2 at 3; Klausner Decl. ¶¶ 4-6. In 2006, following a pause in the proceedings, Plaintiff filed an amended complaint in the Jordanian court, "naming as Defendants the Government of the Republic of Iraq and the Iraqi Ministry of Finance in their capacity as the legal successors to the dissolved Iraqi Ministry of Information as well as the legal successors to the Iraqi National Distribution and Publishing Company." ECF No. 1-2 at 3-4; Klausner Decl. ¶ 7.

On November 16, 2015, the Jordanian court ruled for Plaintiff, ordering Defendants, "jointly and severally, to pay Plaintiff the amount of . . . [3,986,770] Jordanian Dinars and . . . [4,504,000] Iraqi dinars," plus "fees, expenses, and legal interest (9%) from the date of the claim until full payment, and . . . [500] Jordanian Dinars in attorney fees." ECF No. 1-2 at 4; Klausner Decl. ¶ 8; *see* ECF 1-4 (Decision of First Instance Court of Amman). Defendants appealed, and

on November 9, 2016, the Appeal Court of Amman, Jordan "rejected Defendants' appeal and additionally obligated Defendants to pay attorneys' fees and costs associated with the appeal of approximately two hundred fifty Jordanian Dinars." ECF No. 1-2 at 4; Klausner Decl. ¶ 9; ECF No. 1-5 at 5 (Decision of Appeal Court of Amman). Defendants appealed again, this time to the Jordanian Cassation Court, "the highest Court in Jordan." ECF No. 1-2 at 4; Klausner Decl. ¶ 10. On April 24, 2017, the Cassation Court reversed the decision of the Appeal Court of Amman and "held that the Appeal Court should have verified . . . who was authorized to sign the original complaint on behalf of Plaintiff . . . . [Accordingly], [t]he Cassation Court remanded the case to the Appeal Court of Amman (Jordan) for further proceedings." ECF No. 1-2 at 4; Klausner Decl. ¶ 10; ECF No. 1-6 at 5 (Decision of Cassation Court).

Following a trial, the Appeal Court of Amman "dismissed Defendants' appeal and upheld the original ruling of the trial court dated November 16, 2015." ECF No. 1-2 at 5; Klausner Decl. ¶ 11; ECF No. 1-5 at 8 (Decision of Appeal Court of Amman). On March 13, 2018, the Cassation Court affirmed the November 16, 2015 trial court judgment, rendering the decision "final." ECF No. 1-2 at 5; Klausner Decl. ¶ 12-13. There is no dispute that, "[t]o date, Defendants have failed . . . to pay any part of the judgment." ECF No. 1-2 at 5; Klausner Decl. ¶ 14; ECF No. 4 at 4 n.3.

### B. Procedural History

On June 23, 2025, Plaintiff moved in New York State Supreme Court for summary judgment in lieu of complaint pursuant to C.P.L.R. 3213. ECF No. 1 ¶ 1. In that action, Plaintiff sought recognition in New York, under the New York Uniform Foreign-Country Money Judgments Recognition Act, C.P.L.R. Art. 53, of its "final money judgment" (the "Judgment") in Jordan. ECF No. 1-1 at 1-2. That Judgment, Plaintiff asserted, "converts to a total amount due

in United States dollars of $5,626,532.07 (subject to interest) plus $705.22 in attorneys' fees." *Id.* (stating that, as of June 23, 2025, $11,263,231.18 in interest had accrued).

On September 22, 2025, Defendants removed the action to this Court, invoking 28 U.S.C. § 1441(d). Pursuant to section 1441(d), "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending." *See* ECF No. 1 ¶ 3. Defendants contend that they are, collectively, a "foreign state" under 28 U.S.C. § 1603(a), which defines "[a] 'foreign state'" to "include[] a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b)." *See* ECF No. 1 ¶ 3; § 1603(b) (defining an "agency or instrumentality of a foreign state as "any entity . . . **(1)** which is a separate legal person, corporate or otherwise, and **(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and **(3)** which is neither a citizen of a State of the United States as defined in section 1332 (c) and (e) of this title, nor created under the laws of any third country"). In removing the case, Defendants "reserve[d] . . . any and all rights, claims, and defenses, of any nature whatsoever," including "service, foreign sovereign immunity issues and defenses, pursuant to [] 28 U.S.C. §§ 1602, *et seq*., including sections 1604-05 and 1608, and any available challenges to jurisdiction, venue or otherwise." ECF No. 1 ¶ 13.

On September 29, 2025, Defendants moved to dismiss the case "pursuant to Federal Rule[] of Civil Procedure [] 12(b)(1) for lack of subject matter jurisdiction based on the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602, *et seq*., Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficient [service of] process, [and] Rule 12(b)(6) for failure to state a claim." ECF No. 3-4. Defendants also moved for the Court to take judicial notice of

certain documents Defendants included in support of their motion to dismiss, ECF No. 6. After Defendants served the notice of removal on Plaintiff, ECF No. 8, Plaintiff appeared and, on October 13, 2025, cross-moved to remand the case to state court, ECF No. 10. Plaintiff filed a memorandum of law both in support of its motion to remand and in opposition to Defendants' motion to dismiss. ECF No. 11. On October 20, 2025, Defendants filed a memorandum of law both in further support of their motion to dismiss and in opposition to Plaintiff's motion to remand. ECF No. 13.

## II. DISCUSSION

Defendants move under Federal Rule of Civil Procedure 12(b)(1) on the ground that the foreign state immunity provision of the FSIA, 28 U.S.C. § 1604, deprives the Court of subject matter jurisdiction. ECF No. 4 at 1. "At the threshold, the Court must determine whether it has subject matter jurisdiction[, as] '[s]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power.'" *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd.*, 676 F. Supp. 3d 233, 243 (S.D.N.Y. 2023) (quoting *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990)).

"The plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence in order to survive a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Once a defendant has established that it enjoys immunity under the FSIA, the plaintiff must adduce sufficient facts to show that [its] claims fall within one of the FSIA's statutory exceptions to immunity." *Hussein*, 607 F. Supp. 3d at 378 (citing, respectively, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) and *Kensington Int'l Ltd. v. Itoua*, 505 F.3d 147, 153 (2d Cir. 2007)).

"The Foreign Sovereign Immunities Act 'provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country.'" *OBB Personenverkehr AG v.*

*Sachs*, 577 U.S. 27, 31 (2015) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)); *see* 28 U.S.C. § 1330(a) ("The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of [the FSIA] as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of [the FSIA] or under any applicable international agreement."). Pursuant to section 1604 of the FSIA, "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act[,] a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." Sections 1605 to 1607 set out the various exceptions to section 1604's grant of immunity.[1] In other words, "[u]nder the [FSIA], a foreign state is presumptively immune from the jurisdiction of United States courts." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *see also Schansman v. Sberbank of Russia PJSC*, 128 F.4th 70, 78-79 (2d Cir. 2025) ("[T]he FSIA provides presumptive immunity for a foreign state . . . ." (citation modified)). "[U]nless a specified exception applies, federal courts lack subject-matter jurisdiction to hear claims against [a foreign state]." *Yernken v. Yakovlevich*, 164 F.4th 224, 228 (2d Cir. 2026) (citing *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 488-89 (1983)).

The FSIA's grant of immunity to a "'foreign state' [] includes 'an agency or instrumentality of a foreign state.'" *Schansman*, 128 F.4th at 78-79 (quoting 28 U.S.C. § 1603(a)). In the instant matter, Defendants are (1) the Government of the Republic of Iraq,

---

[1] Section 1605 sets forth several "[g]eneral exceptions to the jurisdictional immunity of a foreign state." Sections 1605A and 1605B provide FSIA exceptions related to terrorism. Section 1606 defines the "[e]xtent of liability" a foreign state may face when "not entitled to immunity." Finally, section 1607 addresses the scope of a foreign state's immunity when facing "[c]ounterclaims."

(2) the Iraqi Ministry of Finance, and (3) the Iraqi Ministry of Information. Defendants contend that these three are a "foreign state" under the FSIA. ECF No. 4 at 5-6. Plaintiff concedes "that the Republic of Iraq and its political subdivisions are 'foreign states' under [the FSIA]." ECF No. 11 at 4 (citing ECF No. 4 at 5).

The Court agrees that Defendants are a "foreign state" and thus presumptively entitled to immunity. *See Servaas Inc. v. Republic of Iraq*, 653 F. App'x 22, 23 (2d Cir. 2011) ("Under the [FSIA], foreign sovereigns as well as their agencies and instrumentalities are presumptively immune from suit unless one of several enumerated exceptions applies."). The Government of the Republic of Iraq, as a "[f]oreign sovereign[,] . . . [is] presumptively immune from suit." *Yerkyn*, 164 F.4th at 228. As for the Iraqi Ministry of Finance and the Iraqi Ministry of Information, "in the Second Circuit, a foreign sovereign's government agency or instrumentality will be treated as a foreign sovereign itself if its 'core functions . . . are predominantly governmental,' as opposed to 'commercial.'" *See Safani Gallery, Inc. v. Italian Republic*, No. 19 Civ. 10507 (VSB), 2021 WL 3292262, at *5 n.4 (S.D.N.Y. Jan. 28, 2025) (quoting *Garb v. Republic of Poland*, 440 F.3d 579, 594 (2d Cir. 2006)). "[M]inistries of a central government qualify as political subdivisions of a foreign state under [the] FSIA," *Garb*, 440 F.3d at 596 n.21 (collecting cases) (citation modified), and here, the Ministries' "'core functions' [are] 'predominantly governmental rather than commercial,' so [they are] . . . political subdivision[s] of the foreign state of [Iraq] and thus [also] presumptively 'immune from the jurisdiction of the courts of the United States and of the States.'" *Wu v. Ministry of Public Sec. of People's Republic of China*, No. 26 Civ. 28 (JMF), 2026 WL 102919, at *1 (S.D.N.Y. Jan. 14, 2026) (quoting *Havlish v. Taliban*, 152 F.4th 339, 352, 356 (2d Cir. 2025)); *see also Schansman*, 128 F.4th at 80 ("Here, there is no dispute that the Ministry of Finance is a political subdivision of the Russian Federation, a foreign state."); *Servaas Inc. v. Republic of Iraq*, 686 F. Supp. 2d 346,

356 (S.D.N.Y. 2010) (noting that "[Iraqi] Ministry [of Industry] may be considered a foreign state" under the FSIA), *aff'd* 653 F. App'x 22.

To overcome Defendants' presumptive immunity, "[P]laintiff [must] establish that [its] claim falls within one of the FSIA's statutory exceptions." *Hussein*, 607 F. Supp. 3d at 378. Plaintiff does not argue, however, that any exception applies. Instead, Plaintiff maintains that "[t]he [FSIA] [] does not apply" at all in this action. ECF No. 11 at 4. Plaintiff elaborates that "the FSIA applies only when a plaintiff brings a case or cause of action against a foreign sovereign," and that, "[u]nder New York Law, recognition of a foreign judgment is a purely ministerial act (as opposed to judicial) that does not constitute a case or cause of action against Iraq." *Id.* According to Plaintiff, "this conclusion is supported by the FSIA itself[, as] 28 U.S.C. §1604 provides that 'a foreign state shall be immune from the jurisdiction of courts of the United States . . . *in any case* . . . ." *Id.*

Importantly, section 1604 does not contain the "in any case" language attributed to it by Plaintiff.[2] In full, section 1604 provides that, "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act[,] a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." On its face, the statute neither requires a "case" nor exempts "ministerial actions." Nor does Plaintiff identify any authority for the proposition (and the Court has not found any) that the FSIA does not apply in an action such as this one. To the contrary, courts have held that the FSIA and its statutory exceptions govern subject matter jurisdiction analysis in actions seeking recognition of a foreign judgment under

[2] The "in any case" language does exist in section 1605, which sets forth the *exceptions* to section 1604's grant of immunity. *See* § 1605 (providing that "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States *in any case* . . ." and listing exceptions to foreign state immunity (emphasis added)).

C.P.L.R. Art. 53. *See, e.g.*, *Hussein*, 607 F. Supp. 3d at 378-81 (dismissing action to enforce a foreign judgment against the "Minister of Finance of the Arab Republic of Egypt" because "[plaintiff] ha[d] not met his burden to establish that any of the FSIA exceptions apply"), *aff'd* 129 F.4th at 106-07, 23 (noting that Plaintiff initially moved in New York state court for "recogni[tion] and enforce[ment] by the New York court" of his "foreign country judgment" under C.P.L.R. Art. 53, and explaining that "[Defendant] is entitled to immunity unless one of the FSIA's statutory exceptions applies"); *Servaas Inc.*, 686 F. Supp. 2d at 355-56 (applying the FSIA to a C.P.L.R. Art. 53 action against a "foreign state" and finding subject matter jurisdiction existed only because the FSIA's "'commercial activities' exception applie[d]").

As previously explained, Plaintiff bears the burden of "adduc[ing] sufficient facts to show that [its] claims fall within one of the FSIA's statutory exceptions to immunity." *Hussein*, 607 F. Supp. 3d at 378. Plaintiff has not sustained that burden here, resting instead on its assertion that the FSIA "does not apply" at all. *See* ECF No. 11 at 10 ("Since the FSIA itself does not apply, it follows that it is a moot issue as to whether any exception applies."). "Arguments not raised in a party's brief are deemed waived." *Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 483 F. Supp. 3d 195, 206 n.6 (S.D.N.Y. 2020); *see Hussein*, 129 F.4th at 123 (finding plaintiff "abandoned the argument that the [FSIA's] commercial activity exception applies and has waived any argument that any other exception to statutory immunity applies," because "[plaintiff does not] contend . . . that any other statutory exception to FSIA immunity applies."); *Aboutaam v. L'Office Federale De La Culture De La Confederation Suisse*, Nos. 18 Civ. 8248, 11167 (RA), 2019 WL 4640083, at *5 (S.D.N.Y. Sept. 24, 2019) (similar). Because Plaintiff has not "establish[ed] that any of the FSIA exceptions apply in this case," *Hussein*, 607 F. Supp. 3d at 381, "Defendants . . . enjoy sovereign immunity

against this action," *Safani Gallery, Inc. v. Italian Republic*, No. 19 Civ. 10507 (VSB), 2025 WL 315956, at *7 (S.D.N.Y. Jan. 28, 2025).

In sum, "the FSIA deprive[s] the [] Court of jurisdiction over this suit," and the Court hereby grants Defendants' motion to dismiss under Rule 12(b)(1). *Hussein*, 129 F.4th at 123 (affirming "[t]he judgment of the District Court dismissing the suit for want of jurisdiction"). "Because the Court [finds that it lacks subject matter jurisdiction under the FSIA], it need not address [Defendants' alternative bases for dismissal under Rule 12]" or the other pending motions. *Hussein*, 607 F. Supp. 3d at 378, 381 n.4.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss this action. The Clerk of Court is directed to enter judgment dismissing the complaint for want of jurisdiction. The Clerk of Court is further directed to terminate ECF Nos. 3, 5, 6, and 10 and to close the case.

SO ORDERED.

Dated: September 30, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge